UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NOUROOZ ALI,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.

12-CV-0816A(Sc)
ORDER

---

Petitioner, Nourooz Ali, who is being detained currently at the Chauatauqua County Jail pending trial on a Fourth Superseding Indictment returned in this Court charging him with multiple criminal offenses including but not limited to a violation of the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and conspiring to possess with intent to distribute and distribute 280 grams or more of a mixture containing cocaine base, and to distribute 5 kilograms or more of a mixture containing cocaine, and a quantity of a mixture and substance containing marijuana, 21 U.S.C. § § 841(a)(1), 841(b)(1)(A) and 841(b)(1)(A),[1] has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a "Motion to Dismiss Under a Writ of Habeas Corpus, Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(b)(6)," seeking his release from detention and dismissal of the criminal charges against him. He claims, *inter alia*, that the Court lacks subject matter jurisdiction over the Fourth Superseding Indictment, that a number of counts in the Fourth Superseding Indictment fail to state a claim upon which relief can be granted and that he

---

[1] *United States of America v. Ali*, 09-CR-0331-8A(Sc) (Docket No. 408, Fourth Superseding Indictment, Counts 1, 2, 55, 56, 62 and 63).

has not been brought to trial within the time period set forth in 18 U.S.C. § 1316(a)(2). For the following reasons, the Petition must be dismissed. See Rules 1(b) and 4 of the Rules Governing 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.[2]

In order to be entitled to habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must allege that his detention is in violation of the Constitution, laws or treaties of the United States. Id., § 2241(c)(3). Petitioner's claims relating to the pending Fourth Superseding Indictment and his current pre-trial detention arising out of the criminal charges set forth in said Indictment must be brought in the underlying criminal proceeding, not in a separate petition for a writ of habeas corpus and/or motion to dismiss pursuant to the Federal Rules of Civil Procedure. "Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. Adequate remedies [are] available in [petitioner's] criminal case, and, therefore, [petitioner is] not entitled to habeas corpus relief." Whitmer v. Levi, 276 Fed.Appx. 217, 219, 2008 WL 1849803, at *1 (3d Cir. April 28, 2008) (citing Government of the Virgin Islands v. Bolones, 427 F.2d 1135 (3d Cir. 1970) (per curiam); see also Robinson v. Ivers, 10-CV-0888S(Sr) (Order, January 24, 2011) (Unpublished Opinion) (dismissing petition challenging pre-trial detention).

In addition, federal courts have applied the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37, 43-44 (1971), when asked to enjoin or dismiss enforcement of federal criminal proceedings. See, e.g., Miranda v. Gonzales, No. 05-

---

[2]Rule 1(b) provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

5066, 2006 U.S. App. LEXIS 3823, at *2 (D.C. Cir. Feb. 16, 2006); *Deaver v. Seymour*, 822 F.2d 66, 69-70 (D.C. Cir. 1987); *Traficant v. United States*, No. 4:02CV188, 2002 U.S. Dist. LEXIS 7117, at *8-9 (N.D. Ohio, Feb. 1, 2002); *Christoforu v. United States*, 842 F. Supp. 1453, 1456 (S.D. Fla. 1994); *Jernigan v. Mississippi*, 812 F. Supp. 688, 691 (S.D. Miss. 1993); *Alexander v. Thornburgh*, 713 F. Supp. 1278, 1287 (D. Minn. 1989); see also *Campbell v. Medalie*, 5 F. Supp. 156 (S.D.N.Y. 1933), *aff'd*, 71 F.2d 671 (2d Cir. 1934) (dismissing plaintiff's suit against United States Attorney which sought to enjoin prosecution of indictment finding that plaintiff had adequate remedy at law in the criminal proceeding to challenge constitutionality of statute under which he was indicted); *Kantipuly v. Ross*, 06-CV-0792E (Decision and Order, at 3-5) (W.D.N.Y., January 18, 2007) (Unpublished Opinion) (dismissal of a civil complaint seeking to dismiss pending federal criminal indictment and to issue an injunction prohibiting United States Attorney from enforcing the criminal statutes plaintiff is alleged to have violated).

In *Younger*, the United States Supreme Court held that federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* There are adequate remedies available to petitioner within the underlying criminal proceedings to address the issues raised in the petition.

Accordingly, the petition is dismissed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court also hereby certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good

faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

DATED: 9/13, 2012
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge